IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:08CR7 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| TAFT BURTTON, | |
| Defendant. | |

This matter is before the Court on the Defendant's pro se motions under Federal Rule of Civil Procedure 60(b)(4) and (6) (Filing No. 177), for leave to supplement the Rule 60(b) motion (Filing No. 178) and to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Filing No. 179).

## FACTUAL BACKGROUND

The Defendant, Taft Burtton, pleaded to Count I of the Indictment charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. The plea agreement stated the parties' agreement that the Defendant was responsible for at least 50 but less than 150 grams of crack cocaine, resulting in base offense level 30. In the PSR, which applied the 2008 sentencing guidelines, the Defendant was held responsible for crack cocaine, powder cocaine, and cash, resulting in base offense level 32. The base offense was then lowered to 30 under application note 10(D)(i). The total offense level was 27, the criminal history category was II, and the guideline range was 120 to 135 months. The statutory minimum sentence was 120 months. The Court sentenced Burtton to 120 months.

The Court denied Burtton's motion brought under 28 U.S.C. § 2255, denying the first claim and a portion of the second claim summarily and the balance of the second claim after allowing the government time to answer and the parties the opportunity to file briefs. The Court also denied Burtton's motion for leave to supplement his § 2255 motion, which Burtton filed more than three weeks after the government filed its Answer.[1] This Court and the Eighth Circuit Court of Appeals denied Burtton's request for a certificate of appealability, and the Eighth Circuit dismissed his appeal.

On January 30, 2012, Burtton filed a motion to reduce his sentence based on the Fair Sentencing Act. The Probation Office then prepared a worksheet recommending no reduction, and appointed defense counsel moved to withdraw for the reason that Burtton was not entitled to relief and had no nonfrivolous claims for relief. The Court denied Burtton's motion to reduce his sentence and granted counsel's motion to withdraw. On March 26, 2012, the Eighth Circuit Court of Appeals summarily affirmed this Court's order denying the motion to reduce sentence. The instant motions followed.

## DISCUSSION

**I.      Rule 60(b)(4) and (6) Motion; Motion to Supplement**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party . . . from a final judgment, order, or proceeding for a void judgment or "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(4) & (6). Burtton states that his motion is not a successive § 2255 motion, and he argues that the Court failed to liberally construe his

---

[1] Burtton appealed the denial of the order denying him leave to supplement, and the Eighth Circuit dismissed the appeal for lack of jurisdiction.

filings as those by a pro se litigant, to freely allow him leave to supplement his § 2255 motion, and erred by summarily denying some of his claims.

Burtton's Rule 60(b) motion is in fact a successive § 2255 motion. Before filing a successive § 2255 motion, Burtton must obtain an order from the Eighth Circuit authorizing this Court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002). Because Burtton has not obtained such an order from the Eighth Circuit, his motion filed under Rule 60(b) is denied. The motion for leave to supplement is denied as moot.

**II.   Motion to Reduce Sentence**

Burtton relies on *United States v. Hill*, 417 Fed. Appx. 560 (7th Cir. 2011), *vacated and remanded*, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), in support of his argument that the Fair Sentencing Act is retroactive. However, the Supreme Court limited retroactivity to those cases such as Hill's in which the offense was committed before and the defendant was sentenced after August 3, 2010, the effective date of the Fair Sentencing Act. *Id.* at *561; *Dorsey*, 132 S. Ct. at 2329 & 2335.

In Burtton's case, both his offense and sentencing predated the Fair Sentencing Act and, therefore, he is not entitled to relief under *Dorsey*. The motion to reduce sentence is denied.

IT IS ORDERED:

1. The Defendant's motions under Rule 60(b)(4) and (6) (Filing No. 177) and to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Filing No. 179) are denied;
2. The Defendant's motion for leave to supplement the Rule 60(b) motion (Filing No. 178) is denied as moot; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 6th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge